## KELLY DILLENDER, Appellant, v. B. F. LESTER, Respondent.

**St. Louis Court of Appeals.   Argued and Submitted February 9, 1911.   Opinion Filed February 21, 1911.**

1. **APPELLATE PRACTICE: Rules of Decision: Theory in Trial Court.** A case originating in a justice's court and appealed to the circuit court will be disposed of by the Court of Appeals on the theory under which both parties tried it in the circuit court, although such theory may not be in accord with the pleadings.

2. **BILLS AND NOTES: Non Est Factum and Failure of Consideration: Sufficiency of Evidence to Establish.** In an action on a note, evidence *held* to sustain a finding for defendant on defenses of *non est factum* and failure of consideration.

3. **APPELLATE PRACTICE: Conclusiveness of Verdict.** A verdict supported by the evidence is conclusive on the appellate court.

4. **TENDER: Sufficiency of: Instructions.** In an action on a note, an instruction that if a party makes a tender he must be at all times ready to pay the amount tendered, and if the jury found that defendant tendered the amount of the note to a person holding it for collection and that thereafter a demand was made on defendant for payment of the note and that defendant failed and refused to pay it, then the tender, if any, made to the person holding it for collection was no defense to the action, is correct as an abstract statement of law.

5. **INSTRUCTIONS: Refusal: Abtract Instructions.** An instruction on a point concerning which no issue is made is properly refused.

Dillender v. Lester.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*J. E. Duncan* for appellant.

(1) The appellate courts of Missouri have uniformly held that where the preponderance of the evidence against the verdict in an action at law is so strong as to raise a presumption of prejudice, passion or partiality on the part of the jury, a new trial will be granted on appeal. Baker v. Stonebraker, 36 Mo. 338; Freisz v. Fallon, 24 Mo. App. 439; Spohn v. Railroad, 87 Mo. 74; Boggess v. Railway, 118 Mo. 328; Asphalt Co. v. Transit Co., 102 Mo. App. 469. (2) The court should have given the instruction offered by the plaintiff with reference to tender. Berthold v. Reyborn, 37 Mo. 95.

*Ward & Collins* for respondent.

(1) The appellate courts do not weigh the testimony nor pass upon the credibility of witnesses, and the verdict based upon conflicting evidence, will not be disturbed. Wahl v. Transit Co., 203 Mo. 276; Hurley v. Railroad, 120 Mo. App. 262; Laclede v. Tie Co., 185 Mo. 25; Hufford v. Railroad, 130 Mo. App. 638; Gordon v. Ins. Co., 115 Mo. App. 69; Bray v. Riggs, 110 Mo. App. 630; Pickers v. Railroad, 125 Mo. App. 674; State v. Bohl, 182 Mo. 68. (2) The question of "tender" was not on issue in this case and the court very properly refused to submit a proposition of law on a question not in issue in the case. Schergen v. Cons. Co., 108 Mo. App. 262; Holland v. Vinson, 124 Mo. App. 417; Dunn v. Nicholson, 117 Mo. App. 374; McAtee v. Valandingham, 75 Mo. App. 45.

REYNOLDS, P. J.—This action was commenced before a justice of the peace by filing a note, alleged to have been executed and delivered by defendant to plaintiff, the note being for $110.50, with 8 per cent interest. The answer, duly verified, pleaded, first, *non est factum,* then that defendant did make a note but not the one sued upon, averring that the one which he made was for $99 and that the latter was without consideration. On a trial before the justice, there was a verdict for plaintiff, from which defendant duly appealed to the circuit court where on a trial *de novo* before the court and a jury, there was a verdict in favor of defendant, from which, after filing a motion for new trial, as well as one in arrest, both of which were overruled, plaintiff has duly perfected his appeal to this court.

While it may be said that the second defense, setting up the giving of a note other than the one in suit, and averring matter in avoidance of the latter, does not have any relevancy to the note in suit, as this second defense is pleaded, yet, the whole defense as made really went to the consideration for the note sued upon, and as no point is made upon this by the learned counsel for appellant, we accept and dispose of the case, it having originated before a justice of the peace, where pleadings are not required, on the theory upon which both parties tried it in the lower court. We are not saying that these defenses are inconsistent. It has been held by our Supreme Court and by this court that the plea of payment is not inconsistent with the plea of *non est factum.* What we do call attention to is that the matter pleaded in the second defense does not purport to go to the note in suit. In ignoring this in this case, we do not intend to approve it nor to hold that it is correct and by so holding have it serve as a precedent, if a like state of facts occurs in another case. Plaintiff's testimony was very positive that the note sued on was the note which defendant executed. Plaintiff

also introduced testimony tending to show that while defendant had denied that he had ever executed a note of the amount sued on, yet that he admitted giving a note in payment of the premium on a policy of insurance on his own life. On defendant's part there was testimony tending to show that he could neither read nor write. As a matter of fact the note itself purports to be signed by defendant by his mark, his signature witnessed. He testified positively that he had not made the note in suit; that the one he did make and deliver was for $99; that he had made and delivered it to plaintiff who was agent for a life insurance company, on the express condition that a policy was to be issued by that same company on the life of his wife; that as soon as he was informed that the company had rejected her appplication for insurance and had refused to issue a policy on her life, he had repudiated the whole transaction and had refused to accept the policy on his own life, as a premium for which the note was given. There was evidence given by plaintiff tending to show that on the trial before the justice of the peace, defendant had denied that there was any agreement between himself and plaintiff that if his wife was refused a policy that he was not to take one on his own life, but on the trial of this case in the circuit court defendant contradicted this and claimed that he had misunderstood the question when he answered it on the trial before the justice. It was in evidence that this note in suit was at one time in the hands of a bank at Caruthersville and that defendant was notified of that fact; that when he went to the bank he told them he understood the bank held a note of his for $99, and which amount he said he had with him to pay off the note. But when he was told that the note was not for $99 but for $110.50, he denied that it was his note; denied that he had ever executed a note for that amount, claiming that he was

155 App.—36.

only to pay $99 for the premium on the policy. This looks hardly consistent with defendant's claim that he had repudiated the whole transaction and had refused to accept the policy. Defendant's contention probably rests upon the fact that plaintiff had told him, at the time when he made application for the policy and executed the note, that if he paid it within the time the note was to run he would allow him 10 per cent discount. This would bring the amount of the premium down to about $99. It might well be that while the policy called for a premium of $110.50 and while defendant apparently knew this, that not being an educated but an illiterate man, he may have supposed that the note was to be for $99 instead of the $110.50, although the latter was the amount of the premium. These, however, were matters for the jury. Assuming, however, that the plea of *non est factum* which defendant interposed was not sustained, there was the testimony, given by defendant in his own behalf, that an agreement had been made between himself and plaintiff before any note was executed or delivered, and as the condition for the delivery of the note, to the effect that defendant was not to take out a policy on his own life unless at the same time there was one issued on the life of his wife. It is not controverted that the insurance company represented by plaintiff refused to insure the life of the wife. There is therefore evidence before the jury in support of the defense of failure of consideration. Whatever view we might take of the evidence and of its weight, we are concluded by the verdict of the jury. That verdict finds support in the action of the learned trial judge who refused to set it aside as contrary to the weight of the evidence. We are bound to hold that there was evidence in the case supporting both defenses of the defendant; evidence from which the jury can be said to be justified in drawing the inference that there was no consideration for the note; even that it was not the note of the defendant.

This being so, we cannot say that the jury had no evidence justifying it in arriving at the verdict which it reached.

There is no objection or exception appearing in the abstract before us or in briefs or argument to the action of the court in giving and refusing instructions for either party, except that error is assigned to the refusal of the court to give two instructions asked by plaintiff. The first was to the effect that on the evidence they should find for plaintiff and in the view that the court took of the testimony and the view which we take of it, this instruction was property refused. The other instruction asked by plaintiff and refused was as to the effect of a tender; that if a party makes a tender he must be at all times ready to pay the amount tendered and that if the jury found that defendant tendered the amount of the note, less the ten per cent, to the bank which held the note for collection, and if they further found that thereafter a demand was made on defendant for the payment of the amount and that defendant failed and refused to pay the amount, then the tender, if any, made through the bank was no defense to the action. The proposition of law covered by this instruction, abstractly considered, is correct but we are unable to see its application to the facts in the case at bar. No issue was made that by any possible consideration can be held to have raised an issue of tender.

The instruction given by the court at the instance of plaintiff and defendant presented the case to the jury in an absolutely correct and fair manner. If the case was to go to the jury at all, as we hold it should have done under the evidence, they are certainly as favorable to plaintiff as he had a right to ask.

On consideration of the whole case we find no reversible error, and have concluded that the judgment should be, and it accordingly is, affirmed. *Nortoni* and *Caulfield, JJ.*, concur.